IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In the Matter of:

KEVIN SWENBY,

(Chapter 7)

Debtor.

Case No. 13-15958

KENDALL SWENBY and
THE ESTATE OF OPAL MEICHER,

Plaintiffs,

v.

Adv. No. 14-00048

KEVIN SWENBY,

Defendant.

MEMORANDUM DECISION

Defendant Kevin Swenby filed a chapter 13 bankruptcy on December 18, 2014. The case was later converted to chapter 7. Plaintiff, Kendall Swenby, is the defendant's brother and personal representative for their deceased mother's estate (Opal Meicher). Kendall Swenby and the Estate of Opal Meicher filed this adversary proceeding to determine the dischargeability of two state court judgments: One for $32,813.80 in favor of Kendall on an unjust enrichment claim, the other, in favor of the Estate for a breach of fiduciary duty to Opal Meicher and wrongful conversion of funds in the amount of $88,000.00.

Plaintiffs argue the state court judgments should be non-dischargeable in bankruptcy pursuant to § 523(a)(2), (a)(4), and (a)(6). They have not pursued a claim under § 727(a)(3) which was stated in their complaint.

1

Prior to trial, Plaintiffs filed a summary judgment motion, arguing issue preclusion ("collateral estoppel") by virtue of the state courts' rulings. I denied the motion noting the state court rulings generally made only conclusions of law and did not include findings of fact. Thus, the rulings would not be preclusive, as it was not possible to determine if the factual issues sought to be precluded had been necessarily litigated and determined.

The standards to applying collateral estoppel are well established. "Indeed, though the federal courts may look to the common law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts, Congress has specifically required all federal courts to give preclusive effect to state–court judgments whenever the courts of the State from which the judgments emerged would do so . . ." *Allen v. McCurry*, 449 U.S. 90, 96 (1980).

Wisconsin's Supreme Court has adopted a five-factor "test" for deciding whether to give a finding collateral estoppel effect. *DeGuelle v. Camilli*, 724 F.3d 933, 937 (7th Cir. 2013) (citing *In re Estate of Rille ex rel. Rille*, 300 Wis.2d 1, 728 N.W.2d 693, 707 (2007)). "No weight is assigned to any factor; the weighting is in the discretion of the trial court." *Id*. The factors are:

> 1) Could the party against whom preclusion is sought have obtained review of the judgment as a matter of law;
> 2) Is the question one of law that involves two distinct claims or intervening contextual shifts in the law;
> 3) Do significant differences in the quality or extensiveness of proceedings between the two courts warrant relitigation of the issue;
> 4) Have the burdens of persuasion shifted such that the party seeking preclusion had a lower burden of persuasion in the first trial than in the second; and
> 5) Are matters of public policy and individual circumstances involved that would render the application of collateral estoppel to be fundamentally unfair, including inadequate opportunity or incentive to obtain a full and fair adjudication in the initial action?

*Id*.

That clear standard is to be applied to judgments in which the findings which preclude later evidence are clearly articulated or reasonably discernable. See generally *Id.* In this case, the state courts did not make specific findings of fact which would preclude retrying the issues. The doctrine of collateral estoppel requires specific findings of fact to determine if a fact relied on was essential to the judgment. See *Kearney v. Milwaukee County*, 2006 U.S. Dist. LEXIS 79527 (E.D. Wis. Oct. 30, 2006)("The state circuit court merely concluded without any analysis that Kearney's discharge was not discriminatory. This conclusion of discrimination is not a factual determination to which issue preclusion attaches. See, e.g., U.S. Gypsum Co. v. Indiana Gas Co., Inc., 350 F.3d 623, 629 (7th Cir. 2003)(finding that issue preclusion applies to "concrete issues," not "lofty . . . level[s] of generality")."). However, plaintiffs continued to argue for use of the trial transcript and the doctrine of collateral estoppel to find the debt non-dischargeable.

At the outset of trial, all exhibits identified by the parties were admitted into evidence on consent. The exhibits included transcripts of the state court trials. Plaintiffs argued, contrary to my recommendation, they did not need to submit any additional evidence because all of the necessary information was in the state court transcripts and the testimony in the transcript was exactly what would have been presented at trial. Furthermore, they argued for collateral estoppel ("issue preclusion") despite the fact I had already determined that I could not infer dispositive facts from the state court judgments. Counsel for Plaintiffs, read portions of the transcript he believed supported the non-dischargeability claims, then rested. Debtor moved for judgment at the close of plaintiffs' case. I made preliminary findings that no trust was established as required under 11 U.S.C. § 523(a)(4) and that the debtor did not stipulate to using the state trial transcripts in lieu of presentation of evidence. I also denied any § 727 claims for want of prosecution.

In their post-trial brief, Plaintiffs contested my determination that the state court trial transcript would not suffice because Defendant had not stipulated to its use. The transcripts were admitted into evidence without specific limitation on their use. However, that did not preclude limitations on substituting the testimony of witnesses recorded therein when offered for the truth of what was said. Nor did it overcome the defendant's right to confront the witnesses in this (as opposed to a prior) case. So, without the consent of the debtor's counsel to those uses of the transcript, I limited the purposes for which they were admitted and so stated on the record.

Plaintiffs also argued *Grogan v. Garner* allows the bankruptcy court to use evidence presented in a previous trial to estop an opponent from litigating even if there was no specific finding of facts. It does not.

In *Grogan v. Garner* creditors filed an adversary complaint against a chapter 11 debtor seeking a non-dischargeability determination. *Grogan v. Garner*, 498 U.S. 279 (1991). Plaintiffs assert the bankruptcy court in *Grogan* found all of the required elements had been proved by the portions of the record submitted, implying that portions of the record meant parts of the trial transcript. They rely on the following passage:

> Petitioners then filed a complaint in the bankruptcy proceeding requesting a determination that their claim based on the fraud judgment should be exempted from discharge pursuant to § 523. App. 3-4. In support of their complaint, they introduced portions of the record in the fraud case. The Bankruptcy Court found that all of the elements required to establish actual fraud under § 523 had been proved and that the doctrine of collateral estoppel required a holding that the debt was therefore not dischargeable. In re Garner, 73 Bankr. 26 (WD Mo. 1987).

*Grogan*, 498 U.S. at 281. However, upon review of the underlying bankruptcy case in *Grogan*, it is clear that transcribed testimony was not the part of the record employed. In fact, the creditors in the underlying bankruptcy case did not offer the transcript of the proceedings. They

4

introduced the jury instructions and verdict from the trial court. *In re Garner*, 73 B.R. 26, 27 (Bankr. W.D. Mo. 1987). The bankruptcy court used the jury instructions and verdict to determine the necessary elements for a § 523(a)(2) non-dischargeability claim were met:

> The jury instructions in Count I required the jury to find in Instruction Number 6 [28] and Instruction Number 23 (respectively to each creditor):
>
> First: That debtor made a representation to each creditor.
>
> Second: That the representation was false.
>
> Third: That the defendant knew his representation was false.
>
> Fourth: That the representation was material in causing each creditor's decision.
>
> Fifth: That each creditor relied on the debtor's representation.
>
> Sixth: That as a direct result of such representation each creditor was damaged.
>
> Seventh: That each creditor did not discover the alleged fraud until a later date.
>
> The jury verdict was unanimous in favor of each creditor and against the debtor on Count I, as well as two other counts.
> ….
> By comparing these standards with instructions Number 6 and Number 23, it appears to the Court that every element required to be found by the Court in the dischargeability hearing was already found by the jury in the District Court verdict.

*Id* at 27-28. Essentially, the bankruptcy court in *Grogan* did not need sworn testimony because the jury instructions and jury verdict clearly paralleled the findings of fact necessary for a non-dischargeability fraud claim. The state court rulings in the instant case do not exhibit the same precision or parallelism.

5

Plaintiffs allege Kevin violated 11 U.S.C. § 523(a)(2), (4) and/or (6). In Kendall's suit against Kevin, the state court found Kevin liable for unjust enrichment. The suit by the Estate of Opal Meicher resulted in Kevin's liability for a breach of fiduciary duty claim and wrongful conversion claim. I made a preliminary finding that no § 523(a)(4) trust was established based on Plaintiffs admission that the fiduciary duty analyzed in state court was an implied trust. See *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 333, 55 S. Ct. 151, 153-54, 79 L. Ed. 393 (1934). Furthermore, it is readily apparent that the elements of an unjust enrichment or wrongful conversion claim would not require a false statement, actual fraud or false writing as is necessary for a § 523(a)(2) fraud claim. Consequently, Plaintiffs' best claim for collateral estoppel would be to compare their § 523(a)(6) claim with the wrongful conversion judgment.

Section § 523(a)(6) excepts any debts from discharge "for willful and malicious injury by the debtor to another entity or to the property of another entity." The plaintiff must establish: (1) the debtor intended to and caused an injury to the creditor's property interest; (2) the debtor's actions were willful; and (3) the debtor's actions were malicious. *In re Williams*, 478 B.R. 362, 365 (Bankr. E.D. Wis. 2012). "Injuries that are recklessly or negligently inflicted do not fall within the scope of [Section 523(a)(6)]." *Amundson v. Slaton*, 469 B.R. 814, 821 (internal citation omitted). "The 'facts must demonstrate that the [debtors] deliberately intended the harmful consequences of their actions in order for it to be 'willful.'" *Id.*

In this case, the state court found Kevin wrongfully converted funds from Opal. Plaintiff's argue *In re Cecchini,* 780 F.2d 1440 (9th Cir. 1986), held a finding of wrongful conversion is sufficient to find a debt non-dischargeable under 11 U.S.C. § 523(a)(6). *Id.* However, this is not binding precedent on this court and it was impliedly overruled by another 9th

6

Circuit case. See *In re Peklar*, 260 F.3d 1035 (9th Cir. 2001). When comparing conversion and willful and malicious injury this court has noted:

> Not every conversion is willful and malicious. A conversion may be no more than innocent and technical. 'There may be an honest, but mistaken belief, engendered by a course of dealing, that powers have been enlarged or incapacities removed. In these and like cases, what is done is a tort, but not a willful and malicious one.' *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 332, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934).

*Matter of Adametz*, 53 B.R. 299, 303-04 (Bankr. W.D. Wis. 1985). The difference between wrongful conversion and willful and malicious injury demonstrates why the court cannot rely on a previous court's conclusions of law. The conclusion of law that a person is liable for wrongful conversion does not indicate to a subsequent court whether a judge relied on facts which would also constitute a willful and malicious injury. Still, even if the state court had clearly indicated the facts it relied on to determine Kevin wrongfully converted funds from Opal, those facts might not match the requirements of a willful and malicious injury under § 523(a)(6).

Because plaintiffs' counsel solely relied on a theory of collateral estoppel, parties did not stipulate to use of transcript as a replacement for trial testimony and counsel merely read sections of the transcript at the trial, Plaintiffs did not meet their burden of proof on any of the § 523 claims. The complaint must be dismissed. It may be so ordered.

Dated: December 22, 2014

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE